IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                    :        CHAPTER THIRTEEN
                                          :
ROBERT W. GREGORY                         :        BANKRUPTCY NO.: 5:09-bk-01233-JJT
SHERRY L. GREGORY,                        :
                                          :
        DEBTORS                           :
                                          :
CHARLES J. DeHART, III                     :
STANDING CHAPTER 13 TRUSTEE,               :
                                          :
        OBJECTOR                          :
                                          :
        vs.                               :        {**Nature of Proceeding**: Trustee's Objection
                                          :        to Amended Chapter 13 Plan (Doc. #69)}
ROBERT W. GREGORY                         :
SHERRY L. GREGORY,                        :
                                          :
        RESPONDENTS                       :

# <u>OPINION</u>

The Chapter 13 Trustee, Charles DeHart, has objected to the Plan of the Debtors, Robert

and Sherry Gregory, because, he alleges, insufficient funds are being dedicated to the Plan.

There is no dispute as to the amount of income, either set forth on Form B 22C (Official Form

22C) or on Amended Schedule I. (Transcript of 6/25/2010 at 4.) The real issue deals with the

allowance of certain expense items.

Section 1325(b)(1) indicates that should the trustee object, then the Court may not

approve a chapter 13 plan unless the unsecured claimants are paid in full or all of the debtors'

"projected disposable income" during the applicable commitment period will be applied toward

payment of the unsecured creditors. Since the parties agree that the Debtors have above median

income, the applicable commitment period is five years. 11 U.S.C. § 1325(b)(4).

Our United States Supreme Court has settled much controversy by discussing the undefined term "projected disposable income." By way of summary, the term refers to "disposable income" as defined in 11 U.S.C. § 1325(b)(2), as may be adjusted by prospective future circumstances. *Hamilton v. Lanning*, 130 U.S. 2464, 130 S.Ct. 2464, 177 L.Ed.2d 23 (2010).

In an attempt to simplify the analysis required by § 1325(b)(1), Official Form 22C (B 22C) has been created to roughly comply with the statutory framework.

Although the parties have not made an issue out of this, I do note that the Amended Form B 22C Statement of Current Monthly Income filed April 15, 2010, shows gross wages of $7,773.68. (Doc. #64) This number differs from gross income set forth on Amended Schedule I filed January 20, 2010, which shows gross income of $7,485.76. (Doc. #58) Of course, current monthly income, by definition, is based on historical income figures. 11 U.S.C. § 101(10A).

In making the calculation of disposable income, I am directed to deduct from income those amounts that are "reasonably necessary" for support of the Debtors and the Debtors' dependents. 11 U.S.C. § 1325(b)(2). Use of the quoted term requires me to refer to 11 U.S.C. § 707(b)(2) for further details. 11 U.S.C. § 1325(b)(3). Generally speaking, Section 707, in turn, allows standard deductions in three categories covered by the Internal Revenue Manual (IRM). Those general categories are National Standards, Local Standards, and Other Necessary Expenses.[1]

---

[1] Section 707(a)(2)(A)(ii)(I) reads, in part:
The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent. 11 U.S.C.A. § 707.

Internal Revenue Service National Standards have been established for five expense items–(1) food, (2) housekeeping supplies, (3) apparel and services, (4) personal care products and services, and (5) miscellaneous. IRM 5.15.1.8. As indicated at the IRS web page, all expenses except miscellaneous are derived from the Bureau of Labor Statistics Consumer Expenditure Survey. http://www.irs.gov/individuals/article/0,,id=96543,00.html. These allowances are for amounts based on family size without questioning the actual amount spent. The Bankruptcy Code provides that an additional allowance of "up to 5%" may be allowed for food and clothing if reasonable and necessary. 11 U.S.C. § 707(b)(2)(A)(ii).

Local Standards set forth in the IRM cover housing, utility, and transportation expense. IRM 5.15.1.9. It may be debatable whether the allowance is capped at the actual expenditure or the standard, whichever is less. The standards, nevertheless, represent the maximum deduction (*Ransom v. FIA Card Servs., N.A.*, –––– U.S. ––––, 131 S.Ct. 716, 728 n.8, 178 L.Ed.2d 603 (2011)), except as otherwise provided. See 11 U.S.C. § 707(b)(2)(A)(ii)(V).

Actual monthly expenditures are allowed in those categories identified by the Internal Revenue Service as "Other Necessary Expenses." 11 U.S.C. § 707(b)(2)(A)(ii)(I). "[T]hey must provide for the health and welfare of the taxpayer and/or his or her family or they must be for the production of income. This is determined based on the facts and circumstances of each case." IRM 5.15.1.10

Should the Debtors be in Chapter 7 and their allowable deduction of these identified categories of expenses result in such net income that an abusive Chapter 7 filing is indicated, then the Bankruptcy Code permits the allowance of other expenses or adjustments of current

monthly income as a "special circumstance" should their situation allow for no reasonable alternative. 11 U.S.C. § 707(b)(2)(B)(i).

The controversy in this case is limited to a few discrete items of dispute. Initially, I will direct myself to line item 26 on the Amended Form B 22C Statement which attempts to supplement the housing and utility allowance provided for by the IRS. This requires a showing that the expense, with documentation, is reasonable and necessary. 11 U.S.C. § 707(a)(2)(A)(ii))V).

Housing and utilities are referenced in the Internal Revenue Manual (IRM) as follows:

Housing and Utilities. Housing expenses include: mortgage (including interest) or rent, property taxes, necessary maintenance and repair, homeowner's or renter's insurance, homeowner dues and condominium fees. The utilities include gas, electricity, water, heating oil, bottled gas, trash and garbage collection, wood and other fuels, septic cleaning, telephone and cell phone. Usually, these expenses are considered necessary only for the primary place of residence. Any other housing expenses should be allowed only if, based on a taxpayer's individual facts and circumstances, disallowance will cause the taxpayer economic hardship.

IRM 5.15.1.9 at 1.A

Debtors' Exhibit 3 was a bundle of photocopied bills to support the additional expenses listed on line 26 of Amended Form B 22C, "housing and utilities; adjustment." I have concluded that two of the expenses listed in Debtor's Exhibit 3 do not qualify as either a housing expense or a utility, i.e. "Television" and "Internet."[2] The remaining itemized expenses on line 26 total $840.61[3]. Presumably these expenses are documented by the items in Debtors' Exhibit 3. A

---

[2] Moreover, neither internet use nor cable television would normally qualify as an Other Necessary Expense under IRS guidelines. IRM 5.15.1.10 (internet) and Exhibit to 5.15.1-1 at Question 6 (cable).

[3] "Electric and Heating Fuel, $550.00; Water and Sewer $92.61; Television $97.00; Garbage $28.00; Telephone $170.00; Internet $45.00 = $982.61. IRS allowance is $525.00, leaving $457.61 in additional expenses" Amended Form B 22C Statement at line 26 (Doc. #64).

review of that Exhibit allows me to conclude that the Debtors' claim of $92.61 as a monthly expense for water and sewer is slightly overstated. The amount set aside for heating and electricity is significantly overstated when referencing the bills submitted with the average monthly electric bill approximating $220 per month and the fuel oil appearing not to exceed $1200 per year. Such being the case, I find that the Debtors' actual claim of $457.61 on line 26 should be reduced to $150 over and above the IRS allowance for non-mortgage housing and utilities expense of $525 or a total allowance of $675.

The next item of issue is the Debtors' health care expense. The Debtors have deducted $475 per month for health care expense. ($171 on line 24B (the standard allowance of $57 per person), $179 on line 36, and $125 on line 57b of the Amended Form B 22C Statement.)

Section 707(b)(2)(A)(ii)(I) discusses the allowance of "Other Necessary Expenses" by referencing the "categories" specified by the Internal Revenue Service. The IRM formerly included "health care" as a category of Other Expense. Currently, it may be classified as an item in the National Standards category. Actual non-elective dental expenses are allowable. The Debtors have included itemized statements in excess of their deduction. Debtors' Exhibits #2 and #4. While I suspect that some of the identified dental work was elective, in the absence of evidence of such, I will assume that the identified procedures were necessary.

In addition to those identified expenses, the Debtors have also claimed deductions for certain activities supposedly necessitated by their daughter's condition. According to Mr. Gregory, their 15 year old daughter has special needs because she suffers from "major depression." At the recommendation of her psychologist, the Gregorys furnish horseback riding, dance class, and piano lessons. Those monthly expenses are listed on Debtors' Exhibit 1 as

totaling $235.01 each month. I won't speculate about the availability of less expensive activities of medical benefit to the Debtors' daughter – the record allows consideration of no such option. I will, therefore, recognize these expenses as being necessary health care.

In summary, I will allow monthly healthcare expenses of $380 (a figure based on the actual receipts submitted at hearing) and $235.01 for their daughter's special needs, or a total of $615.01. Accordingly, I find that the Debtors have adequately supported their claimed health care expenses for the standard deduction of $171 on line 24B , together with the sum of $441.01. The entry on line 57b referencing the dental expense of Robert Gregory is eliminated as being misplaced on the form.

The IRM also includes a category for educational expenses if such is required as a condition of employment. IRM 5.15.1.10. This brings us to a challenge of the $359.07 deduction on line 34 of the Amended Form B 22C Statement. I find that the expense identified as "Other Necessary Expense: education . . .", has been overstated. The Debtors have justified only a portion of that claim, to wit: an average monthly expense of $192 for employer required and unreimbursed educational expense. (Transcript of 6/25/2010 at 46.) An additional educational expense for a minor dependent child has also not been supported by documentation but for a summary on the first page of Debtors' Exhibit #1 and will be disallowed.

The Debtors have hinted that their food allowance should be supplemented for their daughter who is unhappy with the food options available at her school. This hardly qualifies as both "reasonable and necessary" under 11 U.S.C. § 707(b)(2)(A)(ii).

In addition, the Debtors testified that there is a weekly payroll deduction of $17 to repay a loan against a retirement account. The Trustee argues that the income, after the loan is fully

paid, should figure into the calculation of projected disposable income.[4]  In light of the holding

in *Hamilton v. Lanning, supra.*, the Trustee's argument is sound and is considered in my final

ruling.

In the final analysis, the Trustee's Objection is well founded with the Debtors retaining

significant more disposable income than they are devoting to their Chapter 13 Plan.  While the

Debtors may feel little choice but to make the expenditures they set forth on their Amended

Form B 22C Statement, I simply conclude they are all not "reasonable and necessary."

My Order sustaining the Trustee's Objection and giving the Debtors 30 days to file an

amended plan in conformity with this Opinion will follow.  In lieu of a timely filed amended

plan, the case will be dismissed.

By the Court,

Date: July 13, 2011

_____

John J. Thomas, Bankruptcy Judge

(CMS)

---

[4] The "loan" payment should not figure into the calculation of disposable income.  11 U.S.C. § 1325(f).